TOWN SHOWCASE & CABINET COMPANY, Inc., and Doris Wittenberg, Plaintiffs-Appellants,

v.

EQUITABLE FIRE & MARINE INSURANCE CO. et al., Defendants-Appellees.

No. 12000.

United States Court of Appeals Seventh Circuit.

Oct. 1, 1957.

Kalman D. Schein, Chicago, Ill., for appellant.

John P. Gorman, Chicago, Ill., Donald N. Clausen, Herbert W. Hirsh, Clausen, Hirsh & Miller, Chicago, Ill., for appellees.

Before FINNEGAN, LINDLEY and SCHNACKENBERG, Circuit Judges.

FINNEGAN, Circuit Judge.

One of the two plaintiffs, Doris Wittenberg, owned a two-story frame building, situated in the rear of 6451-63 North Ridge Avenue, Chicago, Illinois, and her co-plaintiff, Town Showcase & Cabinet Company, Inc., engaged in the business of cabinet making at that location. Wittenberg insured her building against fire and the corporate plaintiff carried fire insurance on the contents situated in that structure. As the direct result of a fire occurring on April 9, 1955 each plaintiff suffered the following losses established by the parties' stipulation:

Wittenberg—Building
| | |
|---|---|
| Value | $47,984.00 |
| Loss | $28,587.49 |

Town Showcase—Contents
| | |
|---|---|
| Value | $49,321.63 |
| Loss | $31,810.14 |

For convenience we aligned some pertinent parts of the record and our discussion proceeds with reference to the following materials:

| Policy Grouping | Plaintiffs Assured | | Policy Number | Effective Date | Expiration Date |
|---|---|---|---|---|---|
| | Wittenberg Building (1) | Town Showcase Contents (2) | | | |
| Group A–1 | × | | 127992 | 9/20/54 | 9/20/59 |
| | × | | 133556 | 9/20/54 | 9/20/59 |
| | × | | 359515 | 9/20/54 | 9/20/59 |
| Group A–2 | | × | 140 | 9/20/54 | 9/20/59 |
| | | × | E–62658 | 9/20/54 | 9/20/59 |
| Group B–1 | × | | 128189 | 3/14/55 | 3/14/59 |
| | × | | 279 | 3/14/55 | 3/14/59 |
| | × | | 62710 | 3/14/55 | 3/14/59 |
| | × | | 281554 | 3/14/55 | 3/14/59 |
| Group B–2 | | × | 128190 | 3/14/55 | 3/14/59 |
| | | × | 135701 | 3/14/55 | 3/14/59 |
| | | × | X–853017 | 3/14/55 | 3/14/59 |
| | | × | 287555 | 3/14/55 | 3/14/59 |
| Group C–1 | × | | 128284 | 3/25/55 | 3/25/56 |
| | × | | 336B7140 | 3/25/55 | 3/25/56 |
| | × | | 135764 | 3/25/55 | 3/25/56 |
| | × | | E–62750 | 3/25/55 | 3/25/56 |
| | × | | 410857 | 3/25/55 | 3/25/56 |
| Group C–2 | | × | 128283 | 3/25/55 | 3/25/56 |
| | | × | 335B7140 | 3/25/55 | 3/25/56 |
| | | × | 135763 | 3/25/55 | 3/25/56 |
| | | × | E–62749 | 3/25/55 | 3/25/56 |
| | | × | 410856 | 3/25/55 | 3/25/56 |
| Group D–1 | × | | 4187 | 3/24/55 | 3/24/56 |
| | × | | 682983 | 3/24/55 | 3/24/56 |
| | × | | 16–20257 | 3/24/55 | 3/24/56 |
| Group D–2 | | × | 4185 | 3/24/55 | 3/24/56 |
| | | × | 682981 | 3/24/55 | 3/24/56 |
| | | × | 16–20255 | 3/24/55 | 3/24/56 |

Total Judgment—Group C
Total Judgment—Group D
Total Recovered By Plaintiffs

| Insurance Company | Dollars of Coverage | Engelhard & Co. | Allied Agency | Totals | Identification | Dismissed | Recovery Allowed |
|---|---|---|---|---|---|---|---|
| | | Insurance Agents | | Policy Groups | | District Court Order | |
| Aetna Insurance Company | $ 5000 | × | | | | | |
| Equitable Fire & Marine | 5000 | × | | | | | |
| North River | 5000 | × | | | | | |
| | $15000 | | | | | | |
| Bankers and Shippers | $ 5000 | × | | | | | |
| Glens Falls | 5000 | × | | | | | |
| | $10000 | | | $25000 | A | | |
| Aetna | $ 5000 | × | | | | × | |
| Bankers and Shippers | 2500 | × | | | | × | |
| Glens Falls | 5000 | × | | | | × | |
| North River | 5000 | × | | | | × | |
| | $17500 | | | | | | |
| Aetna | $ 5000 | × | | | | × | |
| Equitable Fire and Marine | 5000 | × | | | | × | |
| Northern Insurance Co. | 2500 | × | | | | × | |
| North River | 5000 | × | | | | × | |
| | $17500 | | | $35000 | B | | |
| Aetna | $ 5000 | × | | | | | $ 3723.57 |
| Bankers & Shippers | 2500 | × | | | | | 1861.79 |
| Equitable Fire & Marine | 2500 | × | | | | | 1861.79 |
| Glens Falls | 2500 | × | | | | | 1861.79 |
| North River | 2500 | × | | | | | 1861.79 |
| | $15000 | | | | | | $11170.73 |
| Aetna | $ 2500 | × | | | | | $ 1791.54 |
| Bankers & Shippers | 2500 | × | | | | | 1791.54 |
| Equitable Fire & Marine | 2500 | × | | | | | 1791.54 |
| Glens Falls | 2500 | × | | | | | 1791.54 |
| North River | 5000 | × | | | | | 3583.07 |
| | $15000 | | | $30000 | C | | $10749.23 |
| Commercial Ins. Co. | $ 2500 | | × | | | | $ 1861.78 |
| Fireman's Fund | 2500 | | × | | | | 1861.78 |
| Merchants & Manufacturers, Ins. | 2500 | | × | | | | 1861.78 |
| | $ 7500 | | | | | | $ 5585.34 |
| Commercial Insurance | $ 2500 | | × | | | | 1791.53 |
| Fireman's Fund | 2500 | | × | | | | 1791.53 |
| Merchants & Manufacturers, Ins. | 2500 | | × | | | | 1791.54 |
| | $ 7500 | | | $15000 | D | | $ 5374.60 |
| | | | | | | | $21949.96 |
| | | | | | | | 10959.94 |
| | | | | | | | $32909.90 |

Aetna Insurance Company, Bankers & Shippers Insurance Company, North River Insurance Company, Glens Falls Insurance Company, Equitable Fire & Marine Ins. Company, Northern Insurance Company, Commercial Insurance Company, Merchants & Manufacturers Ins. Co., and Firemans' Fund Insurance Company were sued when they refused payment on plaintiffs' proofs of loss. Wittenberg's action, below, is grounded on the policies in groups B-1, C-1 and D-1 under which she claimed $34,952.61 fire damages to her building. By its separate suit, Town sought recovery for $59,316.64 damages, to the contents, under all the policies in groups B-2, C-2, and D-2. These two law suits were consolidated in the district court. By their answer certain insurance carriers denied that the policies in group B-1 were in force and effect on the date when the loss occurred, asserting that these policies were cancelled prior to the date of loss; and further, resisted full liability on the policies grouped as C-1. The answer filed by the companies in Wittenberg's suit follows the same pattern, e. g. allegations that the B-2 group of policies were cancelled and that the C-2 group was subject to limitations on the amounts of recovery. No cause of ac-

tion was brought on the A-1, A-2 groups of policies but they come into play as part of the factual background.

Even before September, 1954 these plaintiffs transacted their insurance business with Louis Deitelbaum, who obtained the coverage of $25,000, effective September 20, 1954 [represented by the "A" group of policies] and delivered them to the plaintiffs. Subsequently Deitelbaum wrote plaintiffs a letter,[1] dated March 5, 1955, requesting return of all "A" policies for re-rating and in compliance plaintiffs gave them to the broker's brother for delivery to Deitelbaum, who in turn handed the policies over to Engelhard & Company. Seeking an additional $50,000 coverage on their insurable interests plaintiffs instructed Deitelbaum accordingly, and he telephoned Walter Fitzpatrick, an underwriter employed by Engelhard & Company, on March 15, 1955 concerning more insurance on the building and contents. By his letter of March 21, 1955, Deitelbaum informed Town Showcase & Cabinet Company, Inc. as follows:

"As per our recent conversation, enclosed find three policies which correspond to the bill which you have already received.

"Also, please accept this letter as confirmation that an additional $25,000 Fire Insurance is being issued on the contents in the rear building and an additional $25,000 Fire Insurance is being issued on the rear building itself.

"Also, please be advised that the garage building is covered with $1,000 Fire Insurance on binder and contents are covered on binder for $2500.

"You may recall at our last meeting that we discussed the problem of whether Town Office Equipment Company was a separate and distinct company or merely a trade name used as a convenience in dealing with the public. You were going to contact Kal Schein and advise accordingly."

Deitelbaum's telephone request of Fitzpatrick produced $35,000 coverage through the Group B policies, effective March 14, 1955. These policies (B) were received by Deitelbaum on March 17, 1955, and afterward, in the words of Deitelbaum's affidavit:[2]

" * * * I received a call from Engelhard & Co. [March 30, 1955] asking me [Deitelbaum] to return said Policies and I delivered them back to them; that I never received any written notice of the cancellation of said Policies, nor was any written notice mailed to Town Showcase & Cabinet Co. or Doris Wittenberg. * * *

"That I did not notify either Doris Wittenberg or Town Showcase & Cabinet Co. that I had returned the Policies to Engelhard & Co. until the Monday after the fire loss * *."

At this point it is undisputed that the "A" policies moved from Engelhard & Co. to Deitelbaum to plaintiffs and from them to the broker back to Engelhard, while the "B" policies went from Engelhard to Deitelbaum and back without ever physically reaching plaintiffs' hands. In any event it appears that, having asked Deitelbaum for $50,000 additional coverage and since the "B" policies represented only $35,000, Deitelbaum placed $15,000 coverage with the Allied Agency, Inc. These policies effective March 24, 1955 are grouped as "D", and their validity is undisputed in these ac-

[1]. The body of this communication reads:
"Please submit to this office all Fire Insurance Policies covering the contents in the front and rear buildings and also those policies covering the rear building itself.
"Please be advised that all these contracts will remain in force until further notification from this office. We wish to have these policies so that rates and names be altered where necessary.
"If you have any questions regarding these changes, we will be happy to go over them with you."

[2]. From another part of this record it appears that Deitelbaum returned the "B" policies to Engelhard on March 31, 1955.

tions; the sole question touching the "D" policies concerns the amount of recovery or contribution of each carrier. At this juncture Exhibit 6, Deitelbaum's affidavit, supplies some further factual background:

"Louis Deitelbaum, being first duly sworn, on oath deposes and says that on or about March 14, 1955 I was instructed to obtain an additional amount of insurance on the rear building at 6453 North Ridge Avenue, Chicago, Illinois, in the sum of Twenty-Five Thousand Dollars ($25,000.00) and Twenty-Five Thousand Dollars ($25,000.00) worth of additional insurance on the Contents in said building.

"That I immediately placed an order for said insurance, which was then covered by a binder.

"That on or about the 19th day of March, 1955 I advised the assured that Fifty Thousand Dollars ($50,-000.00) worth of additional insurance, as hereinabove stated, was being issued, and also stated at that time that I had been advised by the Agency that the rate would be higher than on the previous policies issued, and that I suggested to them that they make whatever improvements possible to keep the rate as low as possible.

"That subsequently, on the 21st day of March, 1955, I addressed a letter to the insured, advising them that said Fifty Thousand Dollars ($50,000.00) worth of additional insurance was being issued, and that thereafter I received the following Policies from Engelhard & Co.:

"In the name of Doris Wittenberg: Building

| | | |
|---|---|---|
| Policy No. 128189 Aetna | | $5,000.00 |
| Policy No. 279 Bankers & Shippers | | 2,500.00 |
| Policy No. 62710 Glens Falls | | 5,000.00 |
| Policy No. 281554 North River | | 5,000.00 |

"In the name of Town Showcase & Cabinet Co.: Contents

| | | |
|---|---|---|
| Policy No. 128190 Aetna | | $5,000.00 |
| Policy No. 135701 Equitable | | 5,000.00 |
| Policy No. 281555 North River | | 5,000.00 |
| Policy No. 853017 Northern | | 2,500.00 |

"Said Policies were dated March 14, 1955 and were five-year Policies.

"That on or about the 25th day of March, 1955, I received a call from Engelhard & Co. asking me to return said Policies. I still had the Policies in my possession. That subsequently on, to-wit, the 31st day of March, 1955 I returned said Policies to them; that at no time did I advise, in any manner whatsoever, the insured that said Policies had been cancelled; that I had no contact with the insured, except to call and advise them that I was sending my brother Ben to pick up insurance policies that had previously been issued Sept. 1954 in order that the Agency might put a new rate on said Policies, and that they would re-write some of the Policies on the front building in order to get a lower rate; that I did not notify the insured, Doris Wittenberg, or Town Showcase & Cabinet Company that the policies hereinabove listed had been cancelled or that I had returned them to Engelhard & Co. until the Monday after the fire loss."

On the morning (April 9, 1955) after their losses plaintiffs asked Deitelbaum for their "A" policies and were informed by him that he had the policies in his office and would deliver them the following day. This stimulated the disclosure by Deitelbaum to plaintiffs on April 11,

1955 that the "B" policies had been handed over to Engelhard. Apparently at that same time Deitelbaum delivered the "C" group of policies to the plaintiffs telling them that the "C" policies gave effect to the re-rating on the contents and obtained from Engelhard, as supplemental insurance. Deitelbaum also delivered binders amounting to $15,000, already referred to as the "D" group. There is evidence indicating a conference or conferences between Deitelbaum and Fitzpatrick which apparently precipitated the shifting of policies. But we refrain from commenting on the patent conflict of evidence in the Deitelbaum-Fitzpatrick testimony since the case is remanded. Both sides moved for summary judgment and various affidavits were submitted. When the case was called for trial, but before the jury was impanelled, Walter Fitzpatrick and one Milton Paula an insurance consultant employed by the Cook County Inspection Bureau, testified, and after hearing their evidence the trial judge allowed defendant's motion for summary judgment dismissing plaintiff's suits on the "B" policies and permitting but limiting recovery on the "C" and "D" groups as shown in the tabulation at the beginning of this opinion. After studying this record and counsels' briefs, it is clear that the correctness of allowing summary judgment is the critical question. We think the trial court erred by so disposing of the case under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C. It is our view of the evidence concerning substitution or cancellation of the relevant policies, that there was presented factual questions for a jury. Homan Mfg. Co. v. Long, 7 Cir., 1957, 242 F.2d 645, 653.

The judgment appealed is reversed and the cause remanded to the District Court with directions to deny defendants' motion for summary judgment.

Reversed and remanded with directions.